# UNITED STATES of America,
**Plaintiff—Appellee,**

v.

# Martin Rolando PUEBLA–LEON,
**Defendant—Appellant.**

## No. 08–10313.

United States Court of Appeals, Ninth Circuit.

Submitted June 16, 2009.*

Filed July 2, 2009.

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

Jerry Robert Albert, Assistant U.S., USTU—Office of the U.S. Attorney, Tucson, AZ, for Plaintiff–Appellee.

Andrea L. Matheson, Esquire, Andrea L. Matheson Law Firm, Tucson, AZ, for Defendant–Appellant.

Before: PAEZ, TALLMAN, and N.R. SMITH, Circuit Judges.

## MEMORANDUM **

Martin Rolando Puebla–Leon appeals from the 78–month sentence imposed following his guilty-plea conviction for offenses related to a conspiracy to import, possess, and distribute cocaine. We have jurisdiction under 28 U.S.C. § 1291, and we affirm.

Puebla–Leon contends that the district court erred in denying him a role adjustment under U.S.S.G. § 3B1.2(b), by failing to distinguish between minimal and minor roles, and failing to evaluate his role relative to all participants in the criminal scheme. This contention is belied by the record and the district court did not err. *See United States v. Murillo,* 255 F.3d 1169, 1179 (9th Cir.2001); *United States v. Sanchez,* 908 F.2d 1443, 1449–50 (9th Cir. 1990).

Puebla–Leon also contends that the district court erred by failing to sua sponte

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

hold an evidentiary hearing regarding the government's reasons for not moving for a downward departure under U.S.S.G. § 5K1.1. This contention lacks merit. *See Wade v. United States,* 504 U.S. 181, 185–86, 112 S.Ct. 1840, 118 L.Ed.2d 524 (1992); *see also United States v. Berry,* 258 F.3d 971, 976 (9th Cir.2001).

Finally, Puebla–Leon contends that the district court failed to consider the 18 U.S.C. § 3553(a) factors, adequately explain his sentence, or respond to his non-frivolous arguments, and that his sentence is substantively unreasonable. The district court did not procedurally err and Puebla–Leon's sentence is substantively reasonable. *See Gall v. United States,* 552 U.S. 38, 128 S.Ct. 586, 596–601, 169 L.Ed.2d 445 (2007); *United States v. Carty,* 520 F.3d 984, 990–93 (9th Cir.2008) (en banc).

**AFFIRMED.**